UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY PHILLIPS, JR.                                                                                          PLAINTIFF

v.                                                                         CIVIL ACTION NO.  3:20-cv-731-CWR-FKB

ROBERT GAIDARIK;
PAM CARTAGE CARRIERS, LLC; and
JOHN AND JANE DOES 1-10                                                                              DEFENDANTS

**NOTICE OF REMOVAL**

TO:   Merrida Coxwell, Esq.
      Coxwell & Associates
      500 North State Street
      Post Office Box 500
      Jackson, Mississippi 39215

      Mike Saltaformaggio, Esq.
      Seth Thompson, Esq.
      Mack Reeves, Esq.
      'Maggio | Thompson, LLP
      1227 East Fortification Street
      Jackson, Mississippi 39202

      Mike Butler, Clerk
      Newton County Circuit Court
      Post Office Box 447
      Decatur, Mississippi 39327

COME NOW Defendants Robert Gaidarik, and P.A.M. Cartage Carriers, LLC, by and through counsel, and file their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof show unto the Court the following:

1.      The Plaintiff filed his Complaint on or about September 14, 2020, in the Circuit Court of Newton County, Mississippi. The Complaint was docketed in that court as *Leroy Phillips, Jr. v. Robert Gajdarik; P.A.M. Transport, Inc., dba PAM Transport; PAM Cartage Carriers, LLC; and John and Jane Does 1-105,* bearing Civil Action No. 20-cv-152-NWBB.

2. A copy of the court file from Civil Action No. 20-CV-087(CW) in the Circuit Court of Newton County, Mississippi will be filed as required, and Defendants ask that the record be considered as part hereof the same as though copied herein in word and figures in full.

4. The Complaint in the above-entitled cause is of a civil nature at law brought by the Plaintiff which seeks to recover damages alleged to have been suffered as a result of the Defendants' negligence. See, Exhibit "A," Complaint, at ¶ 14.

5. The Plaintiff, Leroy Phillips, Jr., is, according to the allegations of the original complaint, an adult resident citizen of Augusta, Georgia. See Complaint, ¶ 1.

7. Plaintiff named P.A.M. Transport, Inc., P.A.M. Cartage Carriers, LLC, and Robert Giadarik as Defendants. *Ex. A.*

8. P.A.M. Transport, Inc. is a foreign corporation incorporated under the laws of the State of Indiana and whose principal place of business is in Indiana, making P.A.M. Transport, Inc. a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(a)(1).

9. P.A.M. Cartage Carriers, LLC, is a foreign limited liability company, whose principal office is located in the State of Indiana, and is a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(a)(1). P.A.M. Cartage Carriers, LLC, is wholly owned by P.A.M. Transportation Services, Inc., a publicly-held company, whose principal office is located in the State of Indiana, and is a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(a)(1).

10. Defendant Robert Gaidarik is a resident citizen of Mayflower, Arkansas. See Complaint, ¶ 2.

11. Therefore, according to the allegations of the complaint, this controversy is wholly between the Plaintiff, a citizen of Georgia, and Defendants P.A.M. Cartage Carriers, LLC, and P.A.M. Cartage Carriers, LLC, corporate citizens of the State of Indiana, and Robert Gaidarik, a

resident citizen of the State of Arkansas. Therefore, there is complete diversity of citizenship between the Plaintiff and the Defendants.

12. The Plaintiff's Complaint seeks damages arising out of a September 28, 2017, accident which allegedly resulted in injuries to Plaintiff. In the complaint, Plaintiff lists the following specific damages:

(a) past, present, and future pain and suffering;
(b) past, present, and future loss of wages or wage-earning capacity;
(c) past, present and future medical expenses;
(d) permanent scarring and/or impairment, if any;
(e) permanent disability, if any;
(f) past, present, and future emotional distress and mental aguish;
(g) attorney's fees;
(h) pre-judgment interest;
(i) post-judgment interest;
(j) all costs of this court; [and]
(k) punitive damages, attorneys' fees, and costs to bring this action[. sic].

See Complaint, ¶ 27.

13. This matter was previously removed to this Court on September 30, 2020, and affixed Cause No. *3:20-cv-629-CWR-FKB*. This Court set a telephonic status conference on November 2, 2020, to, *inter alia,* question Plaintiff's counsel regarding the amount in controversy. *See Doc. 20 in Cause No. 3:20-cv-629-CWR-FKB.* Despite Plaintiff's counsel confirming the Plaintiff was seeking an amount greater than the jurisdictional minimum required for this Court to have jurisdiction, the Plaintiff was unable to timely file the Amended Complaint requested by this Court, and the Court *sua sponte* remanded this matter back to state court on November 3, 2020. *Id.*

14. Plaintiff's counsel then sent an e-mail to counsel for the Defendants, explaining the cause for the delay in the Plaintiff filing an Amended Complaint. In short, Plaintiff was unaware the Amended Complaint needed to be filed by end of business November 2, 2020. *Exhibit B, e-*

*mail from Plaintiff's counsel, dated November 4, 2020.* In the e-mail, Plaintiff's counsel again – this time via electronic communication – confirmed the Plaintiff was seeking an amount "above and beyond $75,000.00." *Id.*

15. Plaintiff's counsel's e-mail further attached a proposed amended complaint, which also confirmed, in the *ad damnum* paragraph, the Plaintiff was seeking "an amount greater than $75,000.00." *Exhibit C, Proposed Amended Complaint.*

16. To the extent it was not facially apparent that the allegations of the original complaint exceeded the jurisdictional amount of $75,000.00 at the time of filing, this case has become removable and subject to this Court's jurisdiction when Plaintiff's counsel confirmed the Plaintiff was seeking more than $75,000.00 on November 4, 2020. *Bosky v. Kroger Tex., L.P.,* 288 F.3d at 212 (5th Cir. 2002).

17. Both the Plaintiff's e-mail and the proposed amended complaint, constitute an "other paper" sufficient to ascertain the case is or has become removable. *28 U.S.C. § 1446(b)(3). See also Chapman v. Powermatic, Inc.,* 969 F.2d 160 (5th Cir. 1992)(explaining demand and/or amended pleading constitute "other paper" requirement for removal); *Bosky v. Kroger Texas, LP,* 288 F.3d 208 (5th Cir. 2002)(same).

18. In order to show that the jurisdictional amount has not been met, the Plaintiff must show with legal certainty that the recovery will not exceed the amount stated in the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 1410 (5th Cir.1995). Then, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.283, at 289).

4

19.     Therefore, pursuant to the provisions of Title 28 U.S.C. §1441 et seq., this civil action is removable by the Defendants, becoming removable on November 4, 2020. *28 U.S.C. 1446(b)(3).*

20.     This Notice of Removal is filed within 30 (thirty) days of this action becoming removable, and therefore, removal is timely under 28 U.S.C. 1446. *28 U.S.C. § 1446(b)(1).*

21.     Both remaining Defendants, Robert Gajdarik and P.A.M. Cartage Carriers, LLC,[1] consent to and join in this Notice of Removal.

22.     By filing this Notice of Removal, Defendants give notice to Plaintiff and the clerk of the Circuit Court of Newton County, Mississippi, together with the exhibits thereto, all in compliance with Title 28 U.S.C. 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendants Robert Gaidarik and P.A.M. Cartage Carriers, LLC, pray that this Notice of Removal and exhibits thereto, be received and filed, and that the Circuit Court of Newton County, Mississippi, proceed no further herein.  Defendants further pray for all necessary writs to bring before this honorable court all records and proceedings in the said Circuit Court of Newton County, Mississippi, and Defendants pray for such other, further, special and general leave as they are entitled to receive.

[SIGNATURE ON FOLLOWING PAGE]

---

[1] P.A.M. Transport, Inc. was dismissed via Agreed Order when this matter was previously before this Court prior to remand. *See Doc. 10, in Cause No. 3:20-629-CWR-FKB.*

THIS the 13th day of November, 2020.

        Respectfully submitted,

        ROBERT GAIDARIK, and
        P.A.M. CARTAGE CARRIERS, LLC

        By Their Attorneys

        DunbarMonroe, PLLC


        *s/ David C. Dunbar*
        David C. Dunbar
        Christopher G. Dunnells

OF COUNSEL:
David C. Dunbar (MSB #6227)
Christopher G. Dunnells (MSB#105029)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS 39157
Telephone: (601) 898- 2073
Facsimile: (601) 898-2074
Email:  *dcdunbar@dunbarmonroe.com*
        *cdunnells@dunbarmonroe.com*

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants, hereby certify that I have this day filed the original of the above and foregoing Notice of Removal and that upon the filing of the original Notice, I have served a true and correct copy of same to:

Merrida Coxwell, Esq.
Coxwell & Associates
500 North State Street
Post Office Box 500
Jackson, Mississippi 39215

Mike Saltaformaggio, Esq.
Seth Thompson, Esq.
Mack Reeves, Esq.
'Maggio | Thompson, LLP
1227 East Fortification Street
Jackson, Mississippi 39202

Mike Butler, Clerk
Newton County Circuit Court
Post Office Box 447
Decatur, Mississippi 39327

THIS the 13th day of November, 2020.

*s/ David C. Dunbar* _____
David C. Dunbar
Christopher G. Dunnells