IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI

LEROY PHILLIPS, JR.                                              PLAINTIFF

VS.                                         CAUSE NO. 20-CV-152-NWPB

ROBERT GAJDARIK;
P.A.M. TRANSPORT, INC.,
dba PAM TRANSPORT;
PAM CARTAGE CARRIERS, LLC; AND
JOHN AND JANE DOES 1-10                                          DEFENDANTS

## COMPLAINT
### (JURY TRIAL DEMANDED)

COMES NOW Leroy Phillips, Jr. (hereinafter "Plaintiff" or "Plaintiff Leroy Phillips"), by and through Counsel, and files this action against Defendants, Robert Gajdarik (hereinafter "Defendant Gajdarik"); P.A.M. Transport, Inc., dba PAM Transport (hereinafter "Defendant PAM Transport"); Defendant PAM Cartage Carriers, LLC (hereinafter "Defendant PAM Carriers"); and John and Jane Does 1-10, collectively "Defendants." In support thereof, Plaintiff would show unto this Court the following matters, to wit:

### PARTIES

1.

Leroy Phillips, Jr. is an adult resident citizen of Bucke County, Georgia residing at 2707 Antler Dr. East, August Georgia, 30906.

2.

Defendant Robert Gajdarik is an adult resident citizen of Pulaski County, Arkansas and may be served with process of this Court at his residential address of 7 Glacier Cove, Maumelle, Arkansas 72113.

FILED
SEP 14 2020
TIME:
MICHAEL L. BUTLER/CIRCUIT CLERK

EXHIBIT
A

3.

Defendant P.A.M. Transport, Inc., is a foreign, for-profit corporation incorporated and organized under the laws of Arkansas. Defendant PAM may be served with process of this Court on its CEO, Paul Allen Maestri, or other registered agent, at its corporate headquarters located at 297 West Henri de Tonti Boulevard, Tontitown, Arkansas 72770.

4.

Defendant PAM Cartage Carriers, LLC is a limited liability company organized and formed under the laws of Arkansas. Upon information and belief, Defendant PAM Carriers, LLC is an active carrier operating under USDOT Number 616877 and at the control of Defendant P.A.M Transport, Inc. Defendant PAM Cartage Carriers, LLC may be served with process of this Court on its CEO, Paul Allen Maestri, or other registered agent, at its corporate headquarters located at 297 West Henri de Tonti Boulevard, Tontitown, Arkansas 72770

5.

Defendants John and Jane Doe 1-10 are fictitious Defendants, the true identity of each is unknown to Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. Plaintiff reserves the right to amend the Complaint upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

6.

At all times relevant to this action, Defendant PAM Transport and/or Defendant PAM Carriers' agent and/or employee, Robert Gajdarik, was acting in the scope of his agency and

employment with P.A.M. Transport, Inc. or Defendant PAM Cartage Carriers, LLC. Accordingly, Defendant P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC is vicariously liable for the alleged acts and omissions of its employee, as well as any other employees, agents, individuals, or managers that were negligent while acting on behalf and for Defendant Gajdarik named herein.

## JURISDICTION AND VENUE

7.

Jurisdiction is proper, pursuant to Mississippi Code of 1972, § 9-7-81, in that the amount in controversy exceeds Two Hundred Dollars ($200.00).

8.

Venue is proper, pursuant to Mississippi Code of 1972, § 11-11-3(1)(a)(i), in that Plaintiff's claim arises out of the negligent acts and/or omissions of the Defendant(s), all or part of which occurred in this jurisdiction.

## FACTS

9.

On or about September 28, 2017, Plaintiff Leroy Phillips, Jr. was driving an automobile traveling in a westerly direction on Interstate 20 in Newton County, Mississippi. At the same time, date and approximate location, Defendant Gajdarik was operating a commercial vehicle and was also traveling in a westerly direction on Interstate 20. Defendant Gajdarik was approaching Plaintiff Leroy Phillips, Jr's vehicle from the rear when, suddenly and without warning, he failed to use caution and crashed into the rear of Plaintiff's vehicle. The collision forced the Plaintiff's vehicle off the roadway and into the trees.

10.

Defendant Gajdarik was in the course and scope of his employment and was operating the commercial carrier in furtherance of the business interest of Defendants P.A.M. Transport, Inc. and/or Defendant PAM Cartage Carriers, LLC at the time this incident occurred. The Defendants also owned the tractor trailer involved in the subject incident.

11.

At all relevant times hereto, Plaintiff Leroy Phillips, Jr. did not cause or contribute to the subject collision.

12.

At all relevant times, Defendant Gajdarik was traveling at a speed that was unsafe for the conditions and/or for the roadway in question. Defendant Gajdarik was driving negligently, recklessly, and/or carelessly by following Plaintiff's vehicle too closely and by failing to yield to the right of way. As a result of said negligence, Defendant Gajdarik failed to bring his vehicle under control before crashing into the rear of Plaintiff Leroy Phillips, Jr.'s vehicle.

## CAUSE OF ACTION

I. NEGLIGENCE OF DEFENDANT GAJDARIK

13.

Plaintiff incorporates by reference each and every averment made in paragraphs above.

14.

Defendant Gajdarik owed the following duties to Plaintiff Leroy Phillips, Jr.:

A. To exercise reasonable, ordinary care of his commercial carrier;

B. To exercise the same care that a reasonably prudent person would under like circumstances;

C. To exercise reasonable, ordinary care to keep a proper lookout for other vehicles;

4

D. To bring the vehicle under control with sufficient distance for him to do so before colliding with another vehicle;

E. To not be inattentive;

F. To apply reasonable braking methods;

G. To maintain control of his vehicle;

H. To maintain his lane of traffic;

I. To maintain a proper lookout in the direction he was traveling;

J. To abide by and follow all Federal Motor Carrier Safety Regulations;

K. To maintain the truck and trailer in compliance with all State and Federal Motor Carrier Safety Regulations;

L. To comply with all Commercial Vehicle requirements consistent with Mississippi Department of Transportation, as well as all state and federal laws;

M. To use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

N. To use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

O. To use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

P. To equip the commercial carrier with proper safety equipment that could have prevented or lessened the impact of said collision;

Q. To follow the Rules of the Road; and

R. Other acts of negligence that will be shown at trial.

S.

15.

Defendant Gajdarik had a duty to act as a reasonably prudent person under like circumstances; he owed this duty to Plaintiff Leroy Phillips, Jr. Defendant Gajdarik breached every duty as listed above, and by doing so caused the injuries to Plaintiff Leroy Phillips, Jr.

16.

The direct and proximate causes of Plaintiff's injuries was the Defendant Gajdarik's negligent acts. But for his negligent acts and/or omissions, the harm suffered by Plaintiff could have been avoided.

## II. NEGLIGENT ENTRUSTMENT/SUPERVISION/HIRING OF DEFENDANT P.A.M. TRANSPORT, INC. AND PAM CARTAGE CARRIERS, LLC

17.

Upon information and belief, Defendant P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC was the owner of the commercial vehicle that Defendant Gajdarik was operating at the time of the subject incident. Defendant P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC was negligent in the supervision, entrustment, and hiring of Defendant Gajdarik.

18.

At all times relevant hereto, Defendant Gajdarik was operating the commercial carrier in furtherance of the business of Defendants P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC.

19.

Plaintiff further charges Defendants P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC with negligently failing to supervise its employee; failing to provide driver safety training courses to its employee; failing to instruct its employee on safe driving habits; and encouraging the employee's unsafe driving habits to further its business cause.

20.

This negligent supervision, entrustment, and hiring of Defendant Gajdarik proximately caused injury to the Plaintiff. The direct and proximate causes of Plaintiff's injuries were a result of the Defendants' negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff could have been avoided.

III. VICARIOUS LIABILITY

21.

Plaintiff incorporates by reference each and every averment made in paragraphs above.

22.

At all relevant times, all employees – including Defendant Gajdarik – were acting within the course and scope of his/her employment with Defendant P.A.M. Transport, Inc. and/or PAM Cartage Carriers, LLC and in furtherance of its business interests. The Defendants are likewise liable for any and all negligent conduct of its employees which caused harm to Leroy, under the theory of *respondeat superior*.

23.

Plaintiff reserves the right to amend his Complaint to specifically name any individual defendant(s) not specifically named herein after reviewing the pleadings or discovery of Defendant.

DAMAGES

24.

As a direct and proximate result of the negligence of the Defendants, Leroy Phillips, Jr., is entitled to recover the following damages:

A. Past, present, and future pain and suffering;

7

B. Past, present, and future loss of wages or wage-earning capacity;

C. Past, present, and future medical expenses;

D. Permanent scarring and/or impairment, if any;

E. Permanent disability, if any;

F. Past, present, and future emotional distress and mental anguish;

G. Attorney's fees;

H. Pre-judgment interest;

I. Post-judgment interest;

J. All costs of this Court;

I. Punitive Damages, attorneys' fees, and costs to bring this action;

J. All other economic or non-economic damages that the Plaintiff may be entitled; and

K. Any other relief which the Court or jury deems just and appropriate in the premises, including punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and seeks judgment of, from, and against the Defendants listed above to adequately compensate Plaintiff for his injuries, and for any other relief provided by law.

Respectfully submitted this the _____ day of September, 2020.

Leroy Phillips, Jr., Plaintiff

MIKE SALTAFORMAGGIO
MERRIDA COXWELL

8

COUNSEL FOR PLAINTIFF:

MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
500 North State Street (39201)
Post Office Box 500
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
merridac@coxwelllaw.com

Mike Saltaformaggio (MSB# 104000)
Seth Thompson (MSB# 103887)
Mack Reeves (MSB# 104823)
'Maggio | Thompson, LLP
1227 East Fortification St.
Jackson, Mississippi 39202
Ph: 601-300-3333
Fax: 769-257-7770
mike@mtlawms.com
mack@mtlawms.com

9